STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KEITH T. YAMAMOTO, Defendant-Appellant.
No. 28820
Intermediate Court of Appeals of Hawaii.
August 26, 2009.
On the briefs:
Cynthia A. Kagiwada for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

MEMORANDUM OPINION
WATANABE, Acting C.J., FOLEY, and LEONARD, JJ.
Defendant-Appellant Keith T. Yamamoto (Yamamoto) appeals from the judgment entered by the Circuit Court of the First Circuit[1] (circuit court) on September 26, 2007 that convicted and sentenced him for (1) Count One, the lesser included offense of Assault in the First Degree (Assault 1)[2] in violation of Hawaii Revised Statutes (HRS) § 707-710 (1993);[3] and (2) Counts Three and Four, Criminal Property Damage in the First Degree (Property Damage 1) in violation of HRS § 708-820 (1) (a) (Supp. 2004).[4] The judgment sentenced Yamamoto to serve three consecutive ten-year terms of incarceration.
We affirm in part, vacate in part, and remand this case to the circuit court for further proceedings consistent with this opinion.

BACKGROUND

A.
The charges against Yamamoto stemmed from an incident that occurred on the morning of October 4, 2004 as the complaining witness (CW) prepared to leave home and drive to work with his family. CW was in the driver's seat of his sedan, and CW's sister (Sister); wife (Wife), and infant daughter (Daughter) were all in the back seat. As CW was about to reverse out of his garage, Yamamoto parked his truck behind CW's car and blocked its path.
Yamamoto exited his truck, holding a wooden spear gun, and loudly yelled, "Fuck you guys." Following a loud popping sound, Yamamoto swung an object and struck the rear window of CW's car two times, creating a small hole and causing some glass to shatter. Yamamoto then proceeded to the driver's side of CW's car and struck the driver's window with a "hammer or stick[,]" creating a hole about the size of a baseball, then took a plastic squeeze bottle, squirted gasoline onto CW through the hole, lit a book of matches, tossed it into the car, and set CW and the areas surrounding the driver's seat on fire.
Sister and Wife struggled to unseat Daughter and unlock the car doors and escaped relatively unharmed through the rear passenger-side door, except that Sister's hair was singed. CW exited through the front passenger door and ran down the street, screaming in pain, his shirt in flames. Yamamoto followed CW, who, while running, was able to pull off his burning shirt and toss it to the ground. A neighbor who noticed the commotion at CW's residence unsuccessfully attempted to stop Yamamoto from pursuing CW. The neighbor then extinguished the car fire.
A passing motorist picked up CW and they drove several blocks before spotting a police officer. Yamamoto was arrested a short while later. CW was taken to the hospital and treated for first-, second-, and third-degree burns to his arm, face, neck, back, and upper body. A police evidence specialist recovered various items at the scene, including hammers, a spear gun, a black pipe, a yellow box cutter, a carpenter's belt, and containers of gasoline.

B.
On October 12, 2004, Plaintiff-Appellee State of Hawai'i (State) filed a complaint that charged Yamamoto with committing the following offenses: `(1) Count One, Attempted Murder in the Second Degree as to CW; (2) Count Two, Terroristic Threatening in the First Degree as to CW; (3) Count Three, Property Damage 1 as to Sister, Wife, and/or Daughter, based on the fire damage to the car's interior; and (4) Count Four, Property Damage 1 as to Sister, Wife, and/or Daughter, based on the damage to the car's rear window.
At trial, Wife testified that she observed Yamamoto "trying to crack" the driver's window. However, Wife stated that she could not recall any fire or smoke damage to the car's interior and did not witness CW being set on fire because she had already exited the car "carry[ing Daughter] and then ran into the house." Sister testified that she was still inside the car when she noticed fire and smoke coming from the driver's seat. Sister noted that Wife carried Daughter and "left first."
At the close of evidence, the circuit court acquitted Yamamoto of Count Two, Terroristic Threatening in the First Degree. With respect to Counts Three and Four, Yamamoto did not request a merger instruction or a specific-person unanimity instruction. The circuit court did not sua sponte provide either jury instruction.
The jury convicted Yamamoto for (1) Count One, the lesser included offense of Assault 1; and (2) Counts Three and Four, Property Damage 1. The circuit court sentenced Yamamoto to serve three consecutive ten-year terms of incarceration.

C.
On appeal, Yamamoto advances the following points of error:
(1) "The circuit court plainly erred by allowing the State to charge Yamamoto with two counts of criminal property damage in the first degree instead of only one";
(2) "The circuit court plainly erred by failing to instruct the jury on the issue of merger of the two counts of property damage pursuant to [HRS §] 701-109(1)(e) [(1993)]" "because Yamamoto's acts could have been part of one continuous course of conduct";
(3) "The circuit court plainly erred by failing to instruct the jury on the requirement that their [sic] verdict on the two counts of property damage be unanimous with respect to the alleged person endangered" because "the jury had seven choices regarding the people who were recklessly endangered"; and
(4) The circuit court "abused its discretion when it imposed consecutive sentences for Yamamoto's assault and criminal property damage convictions, resulting in a total term of imprisonment of thirty years" and the sentence "was so excessively disproportionate to the offense that it amounted to cruel and unusual punishment."
Aside from the consecutive sentence, Yamamoto's Assault-1 conviction is uncontested on appeal. Yamamoto requests that this court "vacate his judgment and remand for a new trial or alternatively remand with instructions to dismiss one count of property damage" and "remand for resentencing."

DISCUSSION
Upon a careful review of the record and the briefs submitted, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we resolve Yamamoto's points of error as follows:

A.
The circuit court did not plainly err by failing to sua sponte dismiss one of the Property-Damage-1 charges. See State v. Nichols, 111 Hawai'i 327, 335, 141 P.3d 974, 982 (2006) (stating that an appellate court's "power to deal with plain error is one to be exercised sparingly and with caution"); State v. Radcliffe, 9 Haw. App. 628, 640, 859 P.2d 925, 932 (1993) (observing that the State has "complete discretion as to whether to charge, . . . when charges will be filed, what charges will be filed, how many charges will be filed, and under what statutes the charges will be made"); and State v. Padilla, 114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007) (holding that the merger statute, "HRS § 701-109(1) (e) [,] only prohibits conviction for two offenses if the offenses merge; it specifically permits prosecution on both offenses") (emphases in original).

B.
We agree that with respect to Counts Three and Four, charging Yamamoto with Property Damage 1, Yamamoto was entitled to a merger instruction and a specific-person unanimity instruction.

1.
Yamamoto was entitled to a merger instruction for the Property-Damage-1 charges because there is a reasonable possibility that he acted with "one intention, one general impulse, and one plan" in damaging the car's interior (Count Three) and the car's rear window (Count Four). This factual issue must be resolved by the jury.
Appellate courts may notice plain error where jury instructions fail to preclude convictions that violate HRS § 701-109. State v. Frisbee, 114 Hawai'i 76, 84, 156 P.3d 1182, 1190 (2007). HRS § 701-109 (1) (e) states:
Method of prosecution when conduct establishes an element of more than one offense. (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
....
(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.
In addition, the supreme court has instructed that [w]nether a course of conduct gives rise to more than one crime within the meaning of HRS § 701-109(1)(e) depends in part on the intent and objective of the defendant. The test to determine whether the defendant intended to commit more than one offense is whether the evidence discloses one general intent or discloses separate and distinct intents. Where there is one intention, one general impulse, and one plan, there is but one offense. All factual issues involved in this determination must be decided by the trier of fact.
State v. Matias, 102 Hawai'i 300, 305, 75 P.3d 1191, 1196 (2003) (emphasis in original) (brackets omitted).
In this case, Counts Three and Four are distinguishable only by the part of the automobile that Yamamoto damaged. The circuit court instructed the jury, in relevant part:
In Count 3 of the complaint, [Yamamoto] is charged with the offense of Criminal Property Damage in the First Degree.
A person commits the offense of Criminal Property Damage in the First Degree if he [or she] intentionally or knowingly damages property and thereby recklessly places another person in danger of death or bodily injury.
There are three material elements of the offense of Criminal Property Damage in the First Degree, each of which the prosecution must prove beyond a reasonable doubt. These three elements are:
1) That on or about October 4, 2004, in the City and County of Honolulu, State of Hawai'i, [Yamamoto] damaged the property[;] to wit[,] interior of the Mercedes vehicle; and,
2) That [Yamamoto] did so intentionally or knowingly; and,
3) That such conduct recklessly placed [Sister], [Wife] and/or [Daughter] in danger of death or bodily injury.
In Count 4 of the complaint, [Yamamoto] is charged with the offense of Criminal Property Damage in the First Degree. A person commits the offense of Criminal Property Damage in the First Degree if he [or she] intentionally or knowingly damages property and thereby recklessly places another person in danger of death or bodily injury.
There are three material elements of the offense of Criminal Property Damage in the First Degree, each of which the prosecution must prove beyond a reasonable doubt. These three elements are:
1) That on or about October 4, 2004, in the City and County of Honolulu, State of Hawai'i, [Yamamoto] damaged the property[;] to wit[.] glass window of a Mercedes vehicle; and,
2) That [Yamamoto] did so intentionally or knowingly; and,
3) That such conduct recklessly placed [Sister], [Wife] and/or [Daughter] in danger of death or bodily injury.
....
"Bodily injury" means physical pain, illness or any impairment of physical condition.
....
"Property" means any money, personal property, real property, thing in action, evidence of death [sic] or contract or article of value of any kind.
(Emphases added.)
Insofar as Counts Three (car interior) and Four (car window) involve the same complaining witnesses and automobile, there is a reasonable possibility that Yamamoto acted with "one intention, one general impulse, and one plan" and committed "one offense" of Property Damage 1. Accordingly, the omission of a merger instruction was not harmless beyond a reasonable doubt. See Frisbee, 114 Hawai'i at 83, 156 P.3d at 1189 (vacating the convictions for two counts of kidnapping because there was a "reasonable possibility" that the two restraints "comprised only one intention, one general impulse, and one plan," and therefore "the factual question of merger should have been decided by the trier of fact" (internal quotation marks and brackets omitted)); and Nichols, 111 Hawai'i at 337, 141 P.3d at 984 ("[O]nce instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction[.]") .
Although the State requests the option of dismissing either Count Three or Four and retaining the non-dismissed count's conviction and sentence, see Padilla, 114 Hawai'i at 517, 164 P.3d at 775, this remedy is unavailable because Yamamoto was also entitled to a specific-person unanimity instruction.

2 .
The circuit court plainly erred in failing to give a specific-person unanimity instruction as to Counts Three and Four.
In State v. Auld, 114 Hawai'i 135, 142, 157 P.3d 574, 581 (App. 2007), this court held that a unanimity requirement "applies as much (a) to the person(s) threatened as it does (b) to the threatening conduct." In vacating the defendant's conviction, this court reasoned that the jury instruction at issue in Auld
states that one of the elements of Count One is that Auld terroristically threatened Salina, Kiana "and/or" Liane, thus permitting the jury to decide that Auld terroristically threatened Salina, Kiana, or Liane. Without any instruction requiring unanimity as to the person(s) threatened, each of the twelve jurors could have based his or her determination, of guilt on a finding of the following victim alternatives: (1) Salina, Kiana, and Liane; (2) Salina and Kiana; (3) Salina and Liane; (4) Kiana and Liane; (5) Salina; (6) Kiana; or (7) Liane. Allowing each juror seven choices and not recruiring all jurors to agree on no less than one violates the rule requiring a unanimous jury regarding the person(s) threatened, which was necessary to prove the offense charged.
Id. at 143-44, 157 P.3d at 582-83 (emphases added).
Here, the circuit court's jury instructions for Counts Three and Four required the jury to determine that Yamamoto's conduct "recklessly placed [Sister], [Wife,] and/or [Daughter] in danger of death or bodily injury." (Emphasis added.) In addition, the State explained to the jury in its closing argument:
Now, the complainants or the complaining witnesses here in element number three are one of three people. It doesn't have to be all three, you can find two, you can find one, you can find all three, if you wish, [Wife,] [Sister,] and/or [Daughter].
(Emphasis added.)
As with Auld, the jury instructions for Counts Three and Four impermissibly allowed each juror seven choices and did not require all jurors to agree on no less than one complaining witness. Auld, 114 Hawai'i at 143-44, 157 P.3d at 582-83.
Although the State contends that unlike Auld, where the defendant's conduct against the complaining witnesses occurred at different times and places, Yamamoto's conduct against the three complaining witnesses named in Counts Three and Four took place simultaneously in a confined space and therefore "[w]hat one experienced, they all experienced [,]" we observe that Wife testified she could not recall any fire or smoke damage to the car's interior. Wife explained that she had already exited the automobile "carry[ing Daughter] and then ran into the house."
Under these facts, the omission of a specific-person unanimity instruction was not harmless error because Count Three alleged that Yamamoto damaged the "interior of the Mercedes vehicle" and thereby "recklessly placed [Sister], [Wife] and/or [Daughter] in danger of death or bodily injury." (Emphasis added.)

C.
In light of our previous discussion, we need not address the issue of Yamamoto's consecutive sentence.

CONCLUSION
Therefore, we (1) vacate that part of the September 26, 2007 judgment that convicted and sentenced Yamamoto for Counts Three and Four, Property Damage 1; (2) remand for a new trial on Counts Three and Four; and (3) direct that an appropriate merger instruction and a specific-person unanimity instruction be given to the jury on remand. In all other respects, we affirm.
NOTES
[1] The Honorable Karl K. Sakamoto presided.
[2] In Count One, Yamamoto was charged with Attempted Murder in the Second Degree.
[3] HRS § 707-710 (1993) States:

Assault in the first degree. (1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.
(2) Assault in the first degree is a class B felony.
[4] At the time Yamamoto allegedly committed Property Damage 1, HRS § 708-820(1)(a) stated:

Criminal property damage in the first degree. (1) A person commits the offense of criminal property damage in the first degree if:
(a) The person intentionally or knowingly damages property and thereby recklessly places another person in danger of death or bodily injury [.]
"`Property' means any money, personal property, real property, thing in action, evidence of debt or contract, or article of value of any kind. HRS § 708-800 (1993) .